**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-50682-LRC** |
| **ADVENTURE COAST, LLC,** | **CHAPTER 11** |
| **Debtor.** | **SUBCHAPTER V** |

**NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

**PLEASE TAKE NOTICE that Adventure Coast, LLC (the "Debtor"), by and through its undersigned counsel, has filed a Motion for Approval of Settlement Agreement and Release Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"), seeking entry of an order approving the Settlement Agreement and Release dated August 20, 2026 among the Debtor, Marcus Cooley, individually, Northwest Georgia Factoring Group, LiveReel, LLC, Trenton Frix, Matthew Robbins, Cody Horchak, and We Realize, Inc.**

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **10:30 a.m. on September 30, 2026**, at Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

**Your rights may be affected by the Court's ruling on these pleadings.** You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: August 31, 2026

Respectfully Submitted,

**KECK LEGAL, LLC**
*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, Ga. Bar No. 975437

2751 Buford Hwy, Suite 650
Atlanta, GA 30324
Tel. (470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-50682-LRC** |
| **ADVENTURE COAST, LLC,** | **CHAPTER 11** |
| **Debtor.** | **SUBCHAPTER V** |

**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Adventure Coast, LLC (the **"Debtor"**), by and through undersigned counsel, files this *Motion for Approval of Settlement Agreement and Release Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the **"Motion"**), seeking entry of an order under Federal Rule of Bankruptcy Procedure 9019 approving the settlement described below among the Debtor, Marcus Cooley, individually, and Northwest Georgia Factoring Group, LiveReel, LLC, Trenton Frix, Matthew Robbins, Cody Horchak, and We Realize, Inc., and respectfully shows the Court as follows:

**BACKGROUND**

1. On January 22, 2025 (the **"Petition Date"**), the Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code (the **"Bankruptcy Code"**). Since the filing, the Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of Sections 1184 and 1186(b) of the Bankruptcy Code, and no trustee or examiner has been appointed in this case.

2. Gary M. Murphy was appointed as the Subchapter V trustee in this case pursuant to Section 1183(a) of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b). The Debtor consents to the entry of final orders or judgments by the Bankruptcy Court.

4. The Debtor operates a trailer rental and manufacturing business serving the film and television production industry. Prior to the Petition Date, the Debtor entered into a Factoring Agreement with Northwest Georgia Factoring Group (**"NGFG"**), and Marcus Cooley, individually (**"Mr. Cooley"**), guaranteed the Debtor's obligations thereunder.

5. Also prior to the Petition Date, LiveReel, LLC (**"LiveReel"**) entered into a contract with the Debtor for the construction and delivery of certain trailers, and advanced $680,000 to the Debtor for that purpose.

6. Disputes arose among the Debtor, Mr. Cooley, NGFG, LiveReel, and We Realize, Inc. related to certain trailers contracted for between the Debtor and LiveReel, financing extended to the Debtor by NGFG under the Factoring Agreement, and related matters, resulting in the following litigation:

(a) On October 3, 2024, NGFG filed suit against Mr. Cooley individually in the Superior Court of Newton County, Georgia (Case No. 2024-CV-2570-3) (the **"Superior Court Guarantor Action"**), which was subsequently removed to and then remanded by this Court;

(b) On January 9, 2025, LiveReel filed suit against the Debtor in the Superior Court of Newton County, Georgia (Case No. SUCV2025000071) (the **"Superior Court LiveReel Action"**);

(c) On January 9, 2025, NGFG filed suit against the Debtor in the Superior Court of Newton County, Georgia (Case No. SUCV2025000072) (the **"Superior Court NGFG Action"**);

(d) On May 7, 2025, the Debtor and Mr. Cooley initiated Adversary Proceeding No. 25-05083-LRC against NGFG, LiveReel, Trenton Frix, Matthew Robbins, Cody Horchak, and We Realize, Inc. (the **"Mediated AP"**); and

(e) On May 8, 2025, the Debtor and Mr. Cooley initiated Adversary Proceeding No. 25-05084-LRC against NGFG seeking declaratory and injunctive relief regarding the Factoring Agreement (the **"05084 AP"**).

7. On December 18, 2025, this Court entered an order authorizing and directing mediation before the Honorable Paul W. Bonapfel as mediator. The parties participated in mediation but did not reach resolution at the mediation session. The parties continued negotiations with Judge Bonapfel's guidance over the following months.

8. After extensive arm's-length negotiations, the parties reached agreement on the terms of a comprehensive settlement resolving all disputes among them. The Settlement Agreement and Release (the "**Settlement Agreement**") was fully executed by all parties on August 20, 2026. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

## THE SETTLEMENT

9. The material terms of the Settlement Agreement are as follows:

(a) **NGFG Claim.** NGFG shall hold a fully secured claim in the amount of $214,000, secured by a valid, perfected second-priority lien on the Debtor's property located at 50 Elm Street, Manchester, Tennessee 37355. The claim accrues interest at 8.75% per annum and is payable in sixty equal monthly installments beginning on the Effective Date of the Debtor's Amended Plan. The claim may be prepaid at any time without penalty.

(b) **LiveReel Secured Claim.** LiveReel shall hold a fully secured claim in the amount of $170,000, secured by a first-priority lien on two specified trailers and a second-priority lien on Mr. Cooley's residence located at 4163 Emory Street NW, Covington, Georgia 30014. The claim accrues interest at 8.75% per annum and is payable in sixty equal monthly installments beginning on the Effective Date of the Debtor's Amended Plan. The claim may be prepaid at any time without penalty, and upon payment in full LiveReel shall release all liens and execute all necessary release documents.

(c) **Purchase Order Termination.** Upon the Effective Date of the Debtor's Amended Plan, the Purchase Order between We Realize, Inc. and the Debtor shall be deemed terminated and of no further force or effect.

(d) **Adequate Protection Payment.** The Debtor shall pay $7,000 to NGFG contemporaneously with execution of the Settlement Agreement.

(e) **Dismissal of Litigation.** Within five business days of the Effective Date of the Debtor's Amended Plan, the parties shall dismiss with prejudice the 05084 AP, the Mediated AP, the Superior Court NGFG Action, the Superior Court LiveReel Action, and the Superior Court Guarantor Action.

(f) **Mutual Releases.** On the Effective Date of the Debtor's Amended Plan, the parties shall exchange broad mutual releases of all claims arising out of or relating to the disputes, the litigation, and the transactions described in the Settlement Agreement. Upon the Effective Date, neither the Debtor nor Mr. Cooley shall have any obligations to the defendant released parties other than those expressly set forth in the Settlement Agreement.

(g) **NGFG Lien Releases.** Upon Bankruptcy Court approval of the Settlement Agreement, NGFG shall release all liens it holds against the Debtor or Mr. Cooley other than those expressly preserved in the Settlement Agreement, and shall execute all documents necessary to effectuate such releases within ten days of written request.

(h) **Plan Incorporation.** The Debtor shall incorporate the terms of the Settlement Agreement into the Debtor's Amended Plan, to be filed within twenty days of Bankruptcy Court approval. NGFG and LiveReel have agreed to vote in favor of the Amended Plan, provided that the Plan contains the terms of the Settlement Agreement in all material respects.

(i) **Conditions.** The Settlement Agreement is subject to Bankruptcy Court approval. If the Court does not approve the Agreement within ninety days of execution, either party may terminate. If the Amended Plan is not confirmed within ninety days of Bankruptcy Court approval of the Agreement, the Debtor consents to relief from the automatic stay as to NGFG and LiveReel.

## ARGUMENT

10. Rule 9019(a) provides that, on motion and after notice and a hearing, the Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a). Approval is committed to the sound discretion of the bankruptcy court, which must determine that the settlement is fair, equitable, and in the best interests of the estate.

11. In the Eleventh Circuit, courts evaluate a proposed settlement under the four factors set out in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990): (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the

expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views.

12. The disputes in this case involve complex factual and legal questions, including claims for breach of contract and other theories asserted against the Debtor and Mr. Cooley in excess of $1.6 million. While the Debtor and Mr. Cooley believe their defenses and counterclaims have merit, no outcome in litigation is certain. Resolving all claims in exchange for a structured repayment of approximately $384,000 at a reasonable interest rate is a substantial achievement relative to the litigation risk. This factor favors approval.

13. Even if the Debtor or Mr. Cooley were to prevail on their claims in the adversary proceedings and achieve an affirmative recovery against the settling parties, collection of any judgment against the defendants would involve additional effort and expense. The Settlement Agreement provides for immediate and certain resolution without those risks. Conversely, without the settlement, the estate would face the prospect of litigating complex disputed claims with potential setoffs with no guarantee of a favorable outcome. This factor favors approval.

14. The pending litigation is complex and multi-jurisdictional, involving two adversary proceedings in this Court, two state court actions including one involving claims against Mr. Cooley personally, and legal theories that include fraud, breach of contract, and lien avoidance. Continued litigation would require significant expenditures of time and money by the estate, would delay plan confirmation, and would distract from the Debtor's core business operations. The Settlement Agreement resolves all of this in a single, comprehensive transaction. This factor strongly favors approval.

15. The Settlement Agreement serves the best interests of the Debtor's creditors. By resolving the NGFG and LiveReel claims at specified amounts and committing those parties to

vote in favor of the Amended Plan, the settlement clears the path to confirmation and provides creditors with a reasonable prospect of recovery through a confirmed plan. Without the settlement, plan confirmation would be contested and uncertain. This factor favors approval.

16. The Settlement Agreement is the product of extensive, arm's-length negotiations conducted over many months with the active guidance of the Honorable Paul W. Bonapfel as mediator. It is fair, equitable, and well within the range of settlements that courts in this Circuit routinely approve under Rule 9019.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court: (1) approve the Settlement Agreement attached hereto as **Exhibit A** and enter an order substantially in the form of the Order attached hereto as **Exhibit B**; (2) authorize the Debtor and Mr. Cooley to perform their obligations thereunder; (3) provide that the order approving the Settlement Agreement shall be effective immediately upon entry, notwithstanding any otherwise applicable stay; and (4) grant such other and further relief as is just and proper.

Dated: August 31, 2026

Respectfully Submitted,

**KECK LEGAL, LLC**
*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, Ga. Bar No. 975437
2751 Buford Hwy, Suite 650
Atlanta, GA 30324
Tel. (470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
*Counsel for the Debtor*

# **Exhibit A**

## Settlement Agreement and Release

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Adventure Coast, LLC ("Debtor") and Marcus Cooley, individually ("Mr. Cooley") and Northwest Georgia Factoring Group ("NGFG"), LiveReel, LLC ("LiveReel"), Trenton Frix ("Mr. Frix"), Matthew Robbins ("Mr. Robbins"), Cody Horchak ("Mr. Horchak"), and We Realize, Inc. ("WR"), all collectively referred to herein as "the Parties," this 20th day of August 2026.

### WITNESSETH

WHEREAS, Debtor entered into a Factoring Agreement with NGFG and Mr. Cooley guaranteed the Factoring Agreement.

WHEREAS, in June of 2024, WR signed a certain Purchase Order, as PO# 1001 (the "Purchase Order") with Debtor.

WHEREAS, LiveReel entered into a contract to purchase certain trailers from Debtor and LiveReel paid Debtor $680,000 for Debtor to build eight (8) specific trailers.

WHEREAS, disputes arose between Debtor and Mr. Cooley and NGFG and LiveReel concerning Debtor's payments to NGFG and Debtor's failure to deliver the trailers to LiveReel under the agreements, among other issues.

WHEREAS, on January 9, 2025, LiveReel filed a lawsuit against Debtor in the Superior Court of Newton County, with case number SUCV2025000071 (the "Superior Court LiveReel Action").

WHEREAS, on January 9, 2025, NGFG filed a lawsuit against Debtor in the Superior Court of Newton County, with case number SUCV2025000072 (the "Superior Court NGFG Action").WHEREAS, on January 22, 2025, Debtor filed its second Chapter 11 bankruptcy case in the U.S. Bankruptcy Court for the Northern District of Georgia, Chapter 11 Case No. 25-50682-LRC (the "Bankruptcy Case").

WHEREAS, NGFG and LiveReel each filed a proof of claim in the Bankruptcy Case asserting claims in the amount of $171,653.49 and $680,000, respectively (collectively, the "Claims").

WHEREAS, Debtor filed its Amended Plan of Reorganization on November 4, 2025 (the "Plan").

WHEREAS, on October 3, 2024, NGFG filed a lawsuit against Mr. Cooley individually in the Superior Court of Newton County, with case number 2024-CV-2570-3 (the "Superior Court Guarantor Action"). Debtor removed this litigation to the Bankruptcy Court on April 16, 2025 as adversary proceeding case no. 25-05067-LRC (the "Removed Case AP").

WHEREAS, on May 13, 2025, the Bankruptcy Court remanded the Superior Court Guarantor Action and, on January 23, 2026, closed the Removed Case AP.



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

WHEREAS, on May 7, 2025, Debtor and Mr. Cooley initiated an adversary proceeding against NGFG, LiveReel, Mr. Frix, Mr. Robbins, Mr. Horchak, and WR (the "AP Defendants") with case no. 25-05083-LRC asserting numerous claims against them (the "Mediated AP"). The AP Defendants filed answers and counterclaims against Debtor and Mr. Cooley. They also filed a motion to dismiss or, in the alternative, a motion to abstain.

WHEREAS, on May 8, 2025, Debtor and Mr. Cooley initiated a second adversary proceeding against NGFG with case no. 25-05084-LRC seeking a declaratory judgment and injunctive relief regarding the Factoring Agreement executed by Debtor and guaranteed by Mr. Cooley (the "05084 AP").

WHEREAS, the Parties requested to mediate all disputes between them (collectively, the "Disputes") and on December 18, 2025, the Bankruptcy Court entered an order authorizing and directing mediation with the Honorable Paul W. Bonapfel ("Judge Bonapfel") as the mediator.

WHEREAS, Judge Bonapfel mediated the disputes between the Parties. The disputes were not resolved at the mediation, but the Parties continued to mediate with the guidance of Judge Bonapfel.

WHEREAS, the Parties have agreed upon mutual terms as to the resolution of all civil actions and adversary proceedings referenced herein, and have agreed to enter into this Agreement, resolving all issues, allegations, and claims, whether known or unknown, stated or which could have been stated up to and including the date of this Agreement, arising out of or relating to the matters described herein.

NOW, THEREFORE, for and in consideration of the mutual covenants and promises contained herein, the releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

## AGREEMENT

### 1. Approval Incorporation of Recital

The Recitals set forth above are incorporated herein by reference and shall be deemed true and correct representations of the Parties.

### 2. <u>Settlement Terms</u>

The Parties hereby agree to settle the Disputes, the Claims, the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the 05084 AP, the Mediated AP, and any and all claims, demands, causes of action, liabilities, and obligations of any kind or nature whatsoever, whether known or unknown, asserted or which could have been asserted, in any lawsuit, on account of and in any manner arising out of or related to the Disputes, the transactions described herein, or the relationships between the Parties, as follows:



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

**(a)** Counsel for the Parties (other than for WR and Mr. Horchak) shall participate in a joint conference call with the District Attorney, to be coordinated by counsel for Mr. Cooley, following execution of this binding settlement agreement. The communication on such call shall be limited to accurately advising that a settlement agreement has been reached to resolve the civil dispute between the Parties, subject to confirmation by the Bankruptcy Court.

Following confirmation of the Debtor's Amended Plan (as hereinafter defined) in the Bankruptcy Case, Mr. Frix and Mr. Robbins shall deliver a mutually agreed upon letter to the District Attorney within ten (10) days in substantially the following form:

"This letter is to update you regarding the criminal matter involving Marcus Cooley. The civil disputes between LiveReel, LLC, Trenton Frix, Matthew Robbins, Adventure Coast, LLC, and Marcus Cooley have now been finally resolved pursuant to a Settlement Agreement approved by the United States Bankruptcy Court for the Northern District of Georgia. We have no remaining civil claims against Mr. Cooley arising from these matters.

Thank you for your attention to this matter.

Sincerely,
Trenton Frix
Matthew Robbins
On behalf of LiveReel, LLC

Notwithstanding any other provision of this Agreement, no Party shall be required to take any action that would constitute compounding a crime or obstructing law enforcement, and no Party shall be required to suppress, withhold, or fail to provide truthful information to law enforcement if subpoenaed or otherwise required by law to do so. The obligations under this Section 2(a) shall be deemed satisfied by the actions described above and shall not be construed to require any Party to express any view as to the merits of, or to influence the outcome of, any criminal proceeding.

In the event that neither (a) Mr. Frix and Mr. Robbins nor (b) counsel for them participate in the joint call described above or fail to execute and deliver the letter described above within the time periods set forth herein, such failure shall constitute a material breach of this Agreement. In the event of such breach, Mr. Cooley and Debtor shall have the right to deem all of their payment and performance obligations under this Agreement tolled and suspended until such breach is cured, and shall not be in default hereunder during any such period of suspension.

**(b)** NGFG shall hold a fully secured claim in the amount of $214,000 that is secured by a valid, perfected second-priority lien on Debtor's property located at 50 Elm Street, Manchester, TN 37355. The claim shall accrue interest at the rate of eight and three-quarters percent (8.75%) per annum. It shall be paid in sixty (60) equal monthly installments beginning on the date the Debtor's Amended Plan is confirmed / approved in the Bankruptcy Court (such date referred to herein as the "Effective Date of the Debtor's Amended Plan"). The claim may be prepaid at any time without penalty.



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

In the event of a default in payment that is not cured within ten (10) days after written notice, the full remaining balance of the claim shall become immediately due and payable, and NGFG shall be entitled to exercise any and all rights and remedies available under the loan documents and applicable law.

**(c)** LiveReel shall hold a fully secured claim in the amount of $170,000 with a second in priority lien on Mr. Cooley's residence located at 4163 Emory Street NW, Covington, GA, 30014 (the "Residence"). The claim (the "Residence Lien") shall accrue interest at the rate of eight and three-quarters percent (8.75%) per annum. It shall be paid in sixty (60) equal monthly installments beginning on the Effective Date of the Debtor's Amended Plan.

The Residence Lien may be subordinated to any bona fide FDIC-insured institutional lender's HELOC or refinancing of the Residence; provided, however, that any such subordination shall be expressly conditioned upon LiveReel's receipt of a $50,000 payment from the proceeds of such financing at closing. LiveReel shall not be required to execute or deliver any subordination agreement unless and until such payment is made directly to LiveReel by the lender or closing agent at closing. In addition, in the event of any sale, conveyance, or transfer of the Residence, LiveReel shall receive, at closing and from the proceeds thereof, a payment equal to the lesser of (i) $50,000 or (ii) the then-outstanding balance of LiveReel's claim. Any failure to make such payment at closing shall constitute an immediate event of default under this Agreement, and LiveReel's lien shall attach to the proceeds of any such sale to the extent unpaid.

In the event such $50,000 payment is made, it shall reduce the outstanding balance on this claim, and the monthly payments shall remain the same each month until the claim is paid in full. Any failure to make such payment at closing shall constitute an immediate event of default under this Agreement.

LiveReel shall hold a first in priority lien on the two trailers Debtor contracted for and were constructed using the LiveReel proceeds. Debtor will add LiveReel as a lienholder on the certificates of title thereby perfecting LiveReel's first in priority liens on the two trailers. Debtor will take the steps necessary for the perfection of the liens within ten (10) business days of the Effective Date of the Debtor's Amended Plan. The trailers shall be maintained in good working condition, ordinary wear and tear excepted, and Debtor shall provide the current location of each trailer upon request by LiveReel. The two trailers are identified by VIN, year, make, and model on Schedule A attached hereto. Debtor represents and warrants that (i) Debtor is the sole owner of the trailers, free and clear of all liens senior to LiveReel's lien except as expressly disclosed on Schedule A; (ii) the trailers are presently located at the address(es) set forth on Schedule A; and (iii) the trailers are in good working condition. Debtor shall maintain comprehensive property and casualty insurance on each trailer to its full replacement value, naming LiveReel as additional insured and loss payee, with not less than thirty (30) days' notice of cancellation, and shall provide certificates of insurance to LiveReel upon request.

In the event Debtor defaults on the payments of the LiveReel claim, or Mr. Cooley fails to comply with the requirements set forth above and such default is not cured within ten (10) days after written notice, LiveReel shall be entitled to exercise any and all rights and remedies available



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

under the loan documents and applicable law, including, without limitation, repossession of the trailers, foreclosure of liens, and recovery of all amounts due.

In the event that (i) following an event of default, the trailers are not delivered to LiveReel in reasonable condition, ordinary wear and tear excepted, within ten (10) days upon demand, (ii) the trailers are not locatable, or (iii) are materially impaired or damaged beyond ordinary wear and tear, Mr. Cooley shall be personally liable for the remaining balance of the claim

For purposes of this Section, "reasonable condition" means each trailer is roadworthy, structurally sound, and capable of performing its intended function. The following shall constitute ordinary wear and tear and shall not constitute damage: cosmetic blemishes, minor dents and scratches, surface rust, faded or weathered paint and graphics, tire wear consistent with DOT roadworthiness standards, normal floor wear, and ordinary maintenance items including brakes, bearings, lights, and seals. LiveReel shall inspect each trailer within five (5) business days of delivery and provide Debtor with written notice of any specific objections to the condition of the trailers. Failure to provide timely written notice of objection shall constitute acceptance of the trailers as delivered in satisfaction of this Section.

The LiveReel claim may be prepaid at any time without penalty. Upon payment in full of all amounts due under this Section 2(c), LiveReel shall promptly release its liens on the trailers and the Residence and shall execute any and all documents necessary to effectuate such releases, including without limitation lien releases, reconveyances, and UCC termination statements, within ten (10) days of receipt of payment in full.

**(d)** For the avoidance of doubt, upon the Effective Date of the Debtor's Amended Plan, the Purchase Order shall be deemed automatically terminated, cancelled, and of no further force or effect, without any further action by any Party. None of the Parties shall have any further rights, duties, obligations, liabilities, or claims of any kind arising under, relating to, or in connection with the Purchase Order, all of which are hereby fully settled, released, discharged, and extinguished pursuant to this Agreement.

**(e)** Debtor shall pay to NGFG the amount of $7,000 in immediately available funds contemporaneously with execution of this Agreement. Failure to make such payment within ten (10) days of execution of this Agreement when due shall constitute an event of default under this Agreement.

**3. <u>Bankruptcy Court Approval</u>**

**(a)** The Parties acknowledge that this Agreement is subject to the Bankruptcy Court's approval pursuant to Fed. R. Bankr. P. 9019 ("Rule 9019") and, notwithstanding anything else contained herein, shall not be effective until an order granting such approval has been entered by the Court and has become final and not subject to a stay.

**(b)** Within ten (10) days after the date on which all Parties have executed this Agreement, Debtor shall file a motion with the Bankruptcy Court, in form and substance reasonably acceptable to the Parties, for entry of an Order, also in form and substance reasonably acceptable to the Parties, approving the terms of this Agreement (the "9019 Motion").



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

**(c)** Debtor shall give notice of the 9019 Motion and Debtor's Amended Plan and any hearing thereon as required under the Federal Rules of Bankruptcy Procedure.

**(d)** If Bankruptcy Court approval of this Agreement is not obtained within ninety (90) days after execution of the Agreement, either party may terminate this Agreement upon written notice.

**4. The Litigation**

**(a)** Debtor shall dismiss with prejudice the 05084 AP and Mediated AP within five (5) business days of the Effective Date of the Debtor's Amended Plan.

**(b)** NGFG and Debtor shall dismiss with prejudice the Superior Court NGFG Action within five (5) business days of the Effective Date of the Debtor's Amended Plan.

**(c)** LiveReel, Debtor, and Mr. Cooley shall dismiss with prejudice the Superior Court LiveReel Action and Superior Court Guarantor Action within five (5) business days of the Effective Date of the Debtor's Amended Plan.

**5. Confirmation of Debtor's Plan**

Debtor shall incorporate the terms of this Agreement into its Debtor's Amended Plan. Debtor shall file its amended Plan (the "Debtor's Amended Plan") incorporating the terms of this Agreement within twenty (20) days of the Bankruptcy Court's approval of the Agreement. If the Debtor's Amended Plan is not confirmed within ninety (90) days of entry of the Bankruptcy Court's order approving this Agreement, Debtor consents to relief from the automatic stay as to NGFG and LiveReel so that they may exercise their rights and remedies as to their collateral without further order of the Bankruptcy Court.

NGFG and LiveReel agree not to object to confirmation of the Debtor's Amended Plan and to vote in favor of the Debtor's Amended Plan, provided that the Debtor's Amended Plan shall contain the terms of this Agreement in all material respects and provided that the Debtor's Amended Plan is not otherwise inconsistent with the terms of this Agreement.

**6. Admissions**

By entering into this Agreement, the Parties do not admit any fault or wrongdoing in connection with the claims settled and released in this Agreement.

**7. Cooperation**

The Parties shall cooperate and execute the documents required to effectuate the terms of this Agreement, including, without limitation, a security deed, deed of trust, or mortgage on Mr. Cooley's residence in favor of LiveReel, executed by Mr. Cooley.

**8. Further Assurances**



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

Without limitation of any of the obligations of the Parties set forth in this Agreement, the Parties hereby covenant that, from time to time after the delivery of this instrument, at another Party's request and without further consideration, the Parties shall promptly execute, acknowledge and deliver, or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, conveyances, transfers, assignments, powers of attorney, assurances, records and other documents as reasonably may be required to allow for the performance of the Parties' obligations under this Agreement.

9. **Definitions Applicable to Releases**

(a) "Debtor Released Parties" and "Debtor Releasors," as context requires, means and refers, collectively, to Debtor, Debtor's estate, and their respective past, present, and future affiliates (including, without limitation, parent companies, holding companies, subsidiaries, and entities under common control with Debtor), members, managers, officers, directors, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(b) "Mr. Cooley Released Parties" and "Mr. Cooley Releasors," as context requires, means and refers to Mr. Cooley, together with any entity directly or indirectly owned or controlled by Mr. Cooley, whether now existing or hereafter formed, and his and such entities' respective past, present, and future agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(c) "NGFG Released Parties" and "NGFG Releasors," as context requires, means and refers to, collectively, each of NGFG and its respective past, present, and future affiliates (including, without limitation, parent companies, holding companies, subsidiaries, and entities under common control with NGFG), members, managers, officers, directors, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(d) "LiveReel Released Parties" and "LiveReel Releasors," as context requires, means and refers to, collectively, each of LiveReel and its respective past, present, and future affiliates (including, without limitation, parent companies, holding companies, subsidiaries, and entities under common control with LiveReel), members, managers, officers, directors, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(e) "Mr. Frix Released Parties" and "Mr. Frix Releasors," as context requires, means and refers to Mr. Frix, together with any entity directly or indirectly owned or controlled by Mr. Frix, whether now existing or hereafter formed, and his and such entities' respective past, present, and future agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(f) "Mr. Robbins Released Parties" and "Mr. Robbins Releasors," as context requires, means and refers to Mr. Robbins, together with any entity directly or indirectly owned or controlled by Mr. Robbins, whether now existing or hereafter formed, and his and such entities' respective

past, present, and future agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(g) "Mr. Horchak Released Parties" and "Mr. Horchak Releasors," as context requires, means and refers to Mr. Horchak, together with any entity directly or indirectly owned or controlled by Mr. Horchak, whether now existing or hereafter formed, and his and such entities' respective past, present, and future agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

(h) "WR Released Parties" and "WR Releasors," as context requires, means and refers to, collectively, each of WR and its respective past, present, and future affiliates (including, without limitation, parent companies, holding companies, subsidiaries, and entities under common control with WR), members, managers, officers, directors, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors, and successors.

**Release by Debtor.** On the Effective Date of the Debtor's Amended Plan, each of Debtor Releasors shall be deemed to release, acquit, and forever discharge each of the Defendant Released Parties (as hereinafter defined) from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that Debtor Releasors had, now have, or may later have or claim to have against any of the NGFG Released Parties, LiveReel Released Parties, Mr. Frix Released Parties, Mr. Robbins Released Parties, Mr. Horchak Released Parties, and WR Released Parties (collectively, the "Defendant Released Parties"), individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from, or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

Debtor Releasors covenant and agree not to sue or take any action against any of the Defendant Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Defendant Released Parties from their obligations under this Agreement or be deemed to impair, in any way, Debtor Releasors' rights to enforce this Agreement in accordance with its terms.

This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by Mr. Cooley.** On the Effective Date of the Debtor's Amended Plan, each of Mr. Cooley Releasors shall be deemed to release, acquit, and forever discharge each of the Defendant Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including,

without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that Mr. Cooley Releasors had, now have, or may later have or claim to have against any of the Defendant Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

Mr. Cooley Releasors covenant and agree not to sue or take any action against any of the Defendant Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Defendant Released Parties from their obligations under this Agreement or be deemed to impair, in any way, Mr. Cooley Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by Mr. Frix.** On the Effective Date of the Debtor's Amended Plan, each of the Mr. Frix Releasors shall be deemed to release, acquit, and forever discharge each of the Debtor Released Parties and Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the Mr. Frix Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The Mr. Frix Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, Mr. Frix's Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by Mr. Robbins.** On the Effective Date of the Debtor's Amended Plan, each of the Mr. Robbins Releasors shall be deemed to release, acquit, and forever discharge each of the



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

Debtor Released Parties and Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the Mr. Robbins Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The Mr. Robbins Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, Mr. Robbins's Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by Mr. Horchak.** On the Effective Date of the Debtor's Amended Plan, each of the Mr. Horchak Releasors shall be deemed to release, acquit, and forever discharge each of the Debtor Released Parties and Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the Mr. Horchak Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The Mr. Horchak Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, Mr. Horchak's Releasors' rights to enforce this Agreement in accordance with its terms. This



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by NGFG.** On the Effective Date of the Debtor's Amended Plan, the NGFG Releasors shall be deemed to release, acquit, and forever discharge each of the Debtor Released Parties and the Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the NGFG Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and the Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The NGFG Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, the NGFG Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by LiveReel.** On the Effective Date of the Debtor's Amended Plan, the LiveReel Releasors shall be deemed to release, acquit, and forever discharge each of the Debtor Released Parties and the Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the LiveReel Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and the Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The LiveReel Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, the LiveReel Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

**Release by WR.** On the Effective Date of the Debtor's Amended Plan, the WR Releasors shall be deemed to release, acquit, and forever discharge each of the Debtor Released Parties and the Mr. Cooley Released Parties from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort, including, without limitation, any claims for contribution, indemnity, or reimbursement, and controversies of any and every kind that the WR Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and the Mr. Cooley Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date of the Debtor's Amended Plan, asserted in, arising from or in any way related to the Superior Court LiveReel Action, the Superior Court NGFG Action, the Superior Court Guarantor Action, the Purchase Order, the 05084 AP, the Mediated AP, the Claims, and the Bankruptcy Case, or any other transaction, occurrence, or relationship between the Parties.

The WR Releasors covenant and agree not to sue or take any action against any of the Debtor Released Parties and the Mr. Cooley Released Parties for any claim released under this paragraph.

Nothing herein shall release any of the Debtor Released Parties and the Mr. Cooley Released Parties from their obligations under this Agreement or be deemed to impair, in any way, the WR Releasors' rights to enforce this Agreement in accordance with its terms. This Agreement shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional or different facts.

For the avoidance of doubt, upon the Effective Date of the Debtor's Amended Plan, neither Debtor nor Mr. Cooley shall have any obligations to any of the Defendant Released Parties other than those expressly set forth in this Agreement. No other obligations, liabilities, or claims of any kind, whether arising from the transactions described herein or otherwise, shall survive the Effective Date of the Debtor's Amended Plan as to Debtor or Mr. Cooley.

For the avoidance of doubt, upon the Effective Date of the Debtor's Amended Plan, no Defendant Released Parties shall have any obligations to either Debtor or Mr. Cooley other than those expressly set forth in this Agreement. No other obligations, liabilities, or claims of any kind, whether arising from the transactions described herein or otherwise, shall survive the Effective Date of the Debtor's Amended Plan as to any of the Defendant Released Parties.

**Release of Liens by NGFG.** Upon Bankruptcy Court approval of this Agreement, NGFG shall be deemed to have released any and all liens, security interests, and encumbrances it holds against Debtor or Mr. Cooley, other than those expressly identified and preserved in this



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

Agreement. NGFG shall execute any and all documents reasonably necessary to effectuate the release of such liens, including without limitation UCC termination statements, lien releases, and reconveyances, within ten (10) days of a written request from Debtor or Mr. Cooley. The Parties acknowledge that NGFG has conceded in the adversary proceedings that all liens other than its lien on the Debtor's building located at 50 Elm Street, Manchester, TN 37355 are avoidable. The Debtor's Amended Plan and the confirmation order shall include provisions consistent with this Section.

**10. Performance of Terms**

It is acknowledged and agreed by the parties that time is of the essence in the performance pursuant to this Agreement. The Parties agree, on the request of any other party hereto, to perform all acts reasonably necessary, including execution of further documents, to effectuate this Agreement.

**11. Authorization**

Each Party and each individual executing this Agreement on behalf of a Party represent and warrant that they have the full authority to execute and deliver this Agreement and any other and further documents required thereunder.

**12. Governing Law**

This Agreement, including its interpretation and enforcement, shall be governed by the laws of the State of Georgia.

**13. Jurisdiction of Bankruptcy Court**

The Parties hereby acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to enforce and adjudicate any dispute arising under this Agreement. The provisions of this paragraph shall survive the closure of the Bankruptcy Case and/or the termination of this Agreement.

**14. Survival**

This Agreement shall survive, and its terms shall remain binding on the Parties, in the event the Bankruptcy Case is converted to a case under Chapter 7 of the Bankruptcy Code or is dismissed.

**15. Severability**

In case any provision of this Agreement shall be determined to be invalid, illegal or unenforceable for any reason, the remaining provisions of this Agreement shall be unaffected and unimpaired thereby, and shall remain in full force and effect, to the fullest extent permitted by applicable law.



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

16. **Counterparts**

This Agreement is hereby agreed by the Parties as verified by their respective signatures below.

This document may be executed separately with each separate document being an original. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

**[Signatures on Following Pages]**

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Release as of the date first written above.

**ADVENTURE COAST, LLC**

By: Marcus Cooley
Marcus Cooley (Aug 19, 2026 21:39:37 [illegible])
Name: Marcus Cooley
Title: CEO

**MARCUS COOLEY, individually**

Marcus Cooley
Marcus Cooley (Aug 19, 2026 21:39:37 [illegible])

**NORTHWEST GEORGIA FACTORING GROUP**

By: Trent Frix
Name: Trenton Frix
Title: Manager

**LIVEREEL, LLC**

By: Trent Frix
Name: Trenton Frix
Title: Authorized Agent

**TRENTON FRIX, individually**

Trent Frix

**MATTHEW ROBBINS, individually**

**CODY HORCHAK, individually**

Cody Horchak

**WE REALIZE, INC.**

By: Cody Horchak
Name: Cody Horchak
Title: President



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

## SCHEDULE A

### Identification of LiveReel-Funded Trailers

The two trailers referenced in Section 2(c) of the Agreement, on which LiveReel shall hold a first-priority lien, are identified as follows:

**Trailer 1:**

Year/Make/Model: 2024/Adventure Coast/Custom Enclos

VIN: 2RMNP1001

Current Location: Manchester, TN

Title/Registration Holder: Adventure Coast, LLC

Senior Liens (if any): N/A

**Trailer 2:**

Year/Make/Model: 2024/Adventure Coast/Custom Enclos

VIN: 2RMNP1002

Current Location: Manchester, TN

Title/Registration Holder: Adventure Coast, LLC

Senior Liens (if any): N/A



Doc ID: b2431304647fdc30cf7a327a95f023a0467fe35a

# Adventure Coast Settlement Agreement - Final Execution Version 8.10.26

Final Audit Report 2026-08-20

| | |
|---|---|
| Created: | 2026-08-11 |
| By: | Benjamin Keck (bkeck@kecklegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAmKbsYhy6mO29SPekOocZcn1Ckc-sWP4S |

## "Adventure Coast Settlement Agreement - Final Execution Versi on 8.10.26" History

Document created by Benjamin Keck (bkeck@kecklegal.com)
2026-08-11 - 2:04:57 AM GMT

Document emailed to Marcus Cooley (marcus@adventurecoastrentals.com) for signature
2026-08-11 - 2:05:01 AM GMT

Email viewed by Marcus Cooley (marcus@adventurecoastrentals.com)
2026-08-20 - 2:37:23 AM GMT

Document e-signed by Marcus Cooley (marcus@adventurecoastrentals.com)
Signature Date: 2026-08-20 - 2:39:37 AM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-08-20 - 2:39:37 AM GMT

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Adventure Coast Settlement Agreement - Final Execution... |
| **File name** | Adventure%20Coast....26%20-%20sig.pdf |
| **Document ID** | b2431304647fdc30cf7a327a95f023a0467fe35a |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **08 / 20 / 2026** 17:49:00 UTC | Sent for signature to Trenton Frix (trentonfrix@gmail.com), Matthew Robbins (mattrobbins35@gmail.com) and Cody Horchak (cody@werealize.io) by services@clio.com acting on behalf of brittany@ehdhlaw.com IP: 192.68.164.14 |
| VIEWED | **08 / 20 / 2026** 17:55:23 UTC | Viewed by Cody Horchak (cody@werealize.io) IP: 96.232.163.67 |
| SIGNED | **08 / 20 / 2026** 18:16:29 UTC | Signed by Cody Horchak (cody@werealize.io) IP: 73.88.146.40 |
| VIEWED | **08 / 20 / 2026** 18:53:44 UTC | Viewed by Trenton Frix (trentonfrix@gmail.com) IP: 129.222.253.187 |
| SIGNED | **08 / 20 / 2026** 19:01:09 UTC | Signed by Trenton Frix (trentonfrix@gmail.com) IP: 129.222.253.187 |
| | **08 / 21 / 2026** 01:41:59 UTC | Viewed by Matthew Robbins (mattrobbins35@gmail.com) IP: 24.98.166.67 |

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Adventure Coast Settlement Agreement - Final Execution... |
| **File name** | Adventure%20Coast....26%20-%20sig.pdf |
| **Document ID** | b2431304647fdc30cf7a327a95f023a0467fe35a |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

VIEWED

| | | |
|---|---|---|
| SIGNED | **08 / 21 / 2026**<br>01:42:19 UTC | Signed by Matthew Robbins (mattrobbins35@gmail.com)<br>IP: 24.98.166.67 |
| COMPLETED | **08 / 21 / 2026**<br>01:42:19 UTC | The document has been completed. |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-50682-LRC** |
| **ADVENTURE COAST, LLC,** | **CHAPTER 11** |
| **Debtor.** | **SUBCHAPTER V** |

**ORDER GRANTING**
**DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND**
**<u>RELEASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

This matter came before the Court on ________________ upon the Debtor's Motion for Approval of Settlement Agreement and Release Pursuant to Federal Rule of Bankruptcy Procedure 9019 [Doc. ___] filed on ____________ (the "Motion"). The Court, having reviewed the Motion; having considered the terms of the Settlement Agreement and Release dated August 20, 2026 (the "Settlement Agreement") attached to the Motion as Exhibit A; having determined that the

settlement is fair, equitable, and in the best interests of the Debtor's estate and its creditors; and having determined that appropriate notice of the Motion was given; it is

**HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Settlement Agreement attached to the Motion as Exhibit A is **APPROVED** in its entirety.

3. The Debtor and Marcus Cooley are authorized to perform their obligations under the Settlement Agreement, including, without limitation, payment of the amounts specified therein, execution and delivery of the security deed and other instruments contemplated by the Settlement Agreement, and dismissal of the litigation referenced therein.

4. NGFG, LiveReel, LLC, Trenton Frix, Matthew Robbins, Cody Horchak, and We Realize, Inc. are authorized and directed to perform their obligations under the Settlement Agreement.

5. The releases set forth in the Settlement Agreement shall become effective on the Effective Date of the Debtor's Amended Plan as defined in the Settlement Agreement, and the parties are authorized to consummate those releases without further order of the Court.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Settlement Agreement.

**### END OF ORDER ###**

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*

Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, Ga. Bar No. 975437
2751 Buford Hwy, Suite 650
Atlanta, Georgia 30324
Tel. (470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
*Counsel for the Debtor*

**Distribution List**

Benjamin R. Keck
KECK LEGAL, LLC
2751 Buford Hwy, Suite 650
Atlanta, Georgia 30324

Office of the United States Trustee
Attn: Jonathan S. Adams
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Gary M. Murphy
Resurgence Financial Services, LLC
3300 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339

Ceci Christy, Esq.
Rountree Leitman Klein & Geer, LLC
Century Plaza I, 2987 Clairmont Rd., Suite 350
Atlanta, Georgia 30329

Tyler Gaines, Esq.
Epps, Holloway, DeLoach & Hoipkemier, LLC
1220 Langford Drive
Building 200, Suite 101
Watkinsville, GA 30677